UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DRAMEL ELLIOT,                                          )
                                                        )
                                                        )  **COMPLAINT**
                         Plaintiffs,                    )
                                                        )  **JURY TRIAL DEMANDED**
       -against-                                        )
                                                        )
THE CITY OF NEW YORK; POLICE OFFICER                    )
ANTHONY JONES, Shield No. 17923; POLICE                 )
SERGEANT JOSEPH CASTALDO, Shield No.                    )
358; JOHN DOE DETECTIVE; JOHN DOES; and                 )
RICHARD ROES,                                           )
                                                        )
                         Defendants.                    )
------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a civil action in which the plaintiff, DRAMEL ELLIOT, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on November 14, 2018, within 90 days of the incidents complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff was at all times relevant herein a resident of the State of New York. Plaintiff is African-American.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendants POLICE OFFICER ANTHONY JONES, Shield No. 17923; POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants POLICE OFFICER ANTHONY JONES, Shield No. 17923; POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. POLICE OFFICER ANTHONY JONES, Shield No. 17923; POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and JOHN DOES are sued individually.

9. Defendants POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and RICHARD ROES are and were at all times relevant herein

acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

10. On the afternoon of October 29, 2018 Plaintiff was in the back seat of a rental car.

11. As best as Plaintiff can recall, the incident occurred at or near 48th Street and 6th Avenue, but he does not recall precisely as he is not familiar with that area of midtown Manhattan.

12. Plaintiff was not the person who had rented the car.

13. Plaintiff's friend was in the driver's seat.

14. Another friend was in the front passenger seat.

15. Plaintiff and his two friends had just gotten into the parked car when they were accosted by a JOHN DOE Defendant - on information and belief Defendant JONES - who had his gun drawn and pointed at Plaintiff and his friends, and who was shouting aggressively at them.

16. The JOHN DOE with his gun drawn told Plaintiff and his friends not to move.

17. A number of other JOHN DOES came to the scene as well.

18. Plaintiff and his friends were removed from the car, and handcuffed.

19. The handcuffs were placed on Plaintiff with an excessive and punitive tightness.

20. Plaintiff complained that the handcuffs were too tight, but his complaints were ignored.

21. Plaintiff and his friends asked why they had been stopped, but no explanation was

provided to them at the scene.

22. Plaintiff was held in police custody at the scene for approximately fifteen minutes, and then transferred to a local police precinct, on information and belief the NYPD 18th Precinct.

23. Plaintiff's property was taken from him at the precinct.

24. Plaintiff remained tightly handcuffed at the precinct for an additional approximately twenty minutes, despite his requests to remove or loosen the handcuffs.

25. Plaintiff was fingerprinted and photographed, and placed in a cell at the precinct.

26. Only after hours at the precinct did JOHN DOE DETECTIVE tell Plaintiff why he had been arrested (that the car was allegedly stolen).

27. Plaintiff was eventually transferred to the NYPD's Central Booking facility.

28. Plaintiff from there was then transferred back to the precinct.

29. Plaintiff was held in NYPD custody for approximately 26 or 27 hours before he was released from custody without any charges having been lodged against him.

30. The Manhattan District Attorney's Office declined to prosecute Plaintiff.

31. Plaintiff had to go twice to police headquarters in lower Manhattan to get his property back.

32. Defendant JONES is listed (by his Tax ID #) as the invoicing officer on the property voucher that was provided to Plaintiff during his time in custody.

33. Defendant CASTALDO is listed (by his Tax ID #) as the approving supervisor on the property voucher that was provided to Plaintiff during his time in custody.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

34. The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

35. By their conduct and actions in unlawfully assaulting and battering plaintiff, falsely arresting plaintiff, unlawfully seizing plaintiff and his property, violating rights to equal protection of plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants ANTHONY JONES, Shield No. 17923; POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

36. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

37. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

38. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

POLICE SERGEANT JOSEPH CASTALDO, Shield No. 358; JOHN DOE DETECTIVE; and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

39. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

40. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

41. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct

alleged herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, frisks, searches, and arrests, which are implemented disproportionately upon black and Latino people, particularly young men of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

45. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

46. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as

New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

49. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. By the actions described above, defendants did inflict assault and battery upon the plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

52. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53. By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## **SEVENTH CLAIM**

## **TRESPASS**

55. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

57. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## **EIGHTH CLAIM**

## **NEGLIGENCE**

58. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59. The defendants, jointly and severally, negligently caused injuries, emotional

distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

61. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### CONSTITUTIONAL TORT

64. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

66. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

67. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

68. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

69. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused emotional distress to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

### CONVERSION

71.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

72.     Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, plaintiff was deprived of her liberty, experienced injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the Plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated:	New York, New York
	January 27, 2020

                __/S/__ Jeffrey A. Rothman_____
                JEFFREY A. ROTHMAN, Esq.
                Law Office of Jeffrey A. Rothman
                305 Broadway, Suite 100
                New York, New York 10007
                (212) 227-2980

                Attorney for Plaintiff